UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| Jeffrey Allyn Turner, | |
| Plaintiff, | Civil Action No.: _____ |
| v. | |
| First Advantage Background Services Corp., | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | |

For this Complaint, the Plaintiff, Jeffrey Allyn Turner, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Jeffrey Allyn Turner ("Plaintiff"), is an adult individual residing in Milwaukee, Wisconsin, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant First Advantage Background Services Corp. ("FABSC") is a business entity headquartered in Atlanta, Georgia. FABSC is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is defined by 15 U.S.C. § 1681(a)(u).

FABSC is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. In January 2019, Plaintiff applied for a job at Home Depot.

7. Thereafter, Home Depot submitted Plaintiff's information to FABSC for a background screening report.

8. FABSC performed the background screening report, which included a criminal records search, and furnished the results to Home Depot.

9. Upon Home Depot's receipt of the report, Plaintiff was informed that his job application was rejected due to criminal activity contained in the report.

10. According to the report, Plaintiff had a felony for Substance Abuse/Distribution.

11. However, the information provided by FABSC to Home Depot was inaccurate and damaging to Plaintiff's character and reputation.

12. Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

13. FABSC failed to take any steps to verify the accuracy of the information contained in Plaintiff's report before furnishing it to Home Depot.

14. At all times pertinent hereto, the conduct of FABSC, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal law.

# COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

17. In addition, 15 U.S.C. § 1681d(d)(3) provides that "a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished."

18. Defendant violated §§ 1681e(b) and 1681d(d)(3) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

19. These failures directly caused the denial of Plaintiff's job application, which has damaged Plaintiff.

20. As a result of Defendant's violations of §§ 1681e(b) and 1681d(d)(3) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

2. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

5. Such other and further relief as may be just and proper

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 28, 2019

    Respectfully submitted,

    By /s/ Amy L. Cueller

    Amy L. Cueller, Esq. #15052-49
    LEMBERG LAW, L.L.C.
    43 Danbury Road, 3rd Floor
    Wilton, CT 06897
    Telephone: (203) 653-2250
    Facsimile: (203) 653-3424
    E-Mail: acueller@lemberglaw.com
    Attorneys for Plaintiff